Clay A. Young
Kendra E. Bowman
DELANEY WILES, INC.
1007 W. 3rd Ave., Ste. 400
Anchorage, AK 99501
907-279-3581 *telephone*
907-277-1331 *facsimile*
cay@delaneywiles.com
keb@delaneywiles.com

Kevin D. Hartzell (pro hac vice motion forthcoming)
Angela Probasco (pro hac vice motion forthcoming)
KUTAK ROCK LLP
1650 Farnam Street
Omaha, NE, 68102
(402) 346-6000 *telephone*
(402) 346-1148 *facsimile*
Kevin.Hartzell@kutakrock.com
Angela.Probasco@kutakrock.com

*Attorneys for Plaintiff ALPS Property & Casualty Insurance Company*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALPS PROPERTY & CASUALTY INSURANCE COMPANY, f/k/a Attorneys Liability Protection Society, Inc., A Risk Retention Group,<br><br>   Plaintiff,<br><br>  v.<br><br>MERDES & MERDES, P.C.; MERDES LAW OFFICE, P.C.; and WARD M. MERDES,<br><br>   Defendants. | Case No. _____<br><br>**COMPLAINT** |

*ALPS Property & Casualty Insurance Co. v. Merdes & Merdes, P.C.*,    Complaint
Case No. _____    Page 1 of 18

Case 4:14-cv-00002-SLG   Document 1   Filed 08/01/13   Page 1 of 18

Plaintiff ALPS Property & Casualty Insurance Company, f/k/a Attorneys Liability Protection Society, Inc., A Risk Retention Group ("ALPS"), pursuant to 28 U.S.C. § 2201 and Federal Rules of Civil Procedure 8(a) and 57, for its complaint against Defendants Merdes & Merdes, P.C., Merdes Law Office, P.C., and Ward M. Merdes alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. ALPS is an insurance company and corporation organized under the laws of the State of Montana with its principal place of business in the State of Montana.

2. Defendant Merdes & Merdes, P.C. ("Merdes Firm") is a professional corporation organized on February 22, 1990 under the laws of the State of Alaska with its principal place of business in Fairbanks, Alaska.

3. Defendant Merdes Law Office, P.C. ("Merdes Law Office") is a professional corporation organized on January 17, 2013 under the laws of the State of Alaska with its principal place of business in Fairbanks, Alaska.

4. Defendant Ward M. Merdes ("Merdes") is a resident of the State of Alaska, an attorney, and an active member of the Alaska Bar Association.

5. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) because complete diversity exists between ALPS and Defendants, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims for relief occurred in this district, the Merdes Firm and the Merdes Law Office's principal places of business are in this district, and Merdes resides in this district.

# GENERAL ALLEGATIONS

## I. The Underlying Suit

7. On December 3, 1985, Omar Stratman filed a lawsuit against Leisnoi Incorporated ("Leisnoi"), an Alaska native corporation formed April 20, 1973 under the Alaska Native Claims Settlement Act, styled *Stratman v. Leisnoi, Inc.*, Alaska Superior Court, Case No. 3AN-85-16520 CI ("Leisnoi Suit"), in which Stratman disputed Leisnoi's certification of and title to certain real property on and near Kodiak Island.

8. In January 1988, Leisnoi retained Ed Merdes (Merdes' father and one of the founders of the Merdes Firm) to represent it in the Leisnoi Suit and related litigation matters ("Stratman Litigation"); Leisnoi and the Merdes Firm entered into a contingency fee arrangement in which, if Leisnoi were successful in the Stratman Litigation, the Merdes Firm would receive a thirty percent interest in the lands and/or settlement Leisnoi obtained or retained.

9. On December 15, 1989, the trial court entered partial final judgment in favor of Stratman and against Leisnoi in the Stratman Litigation; Leisnoi, represented by Ed Merdes, timely appealed.

10. On February 22, 1990, Ed Merdes and Merdes incorporated the Merdes Firm; Ed Merdes passed away shortly thereafter in 1991.

11. In a June 26, 1992 opinion, modified on July 24, 1992, the Alaska Supreme Court reversed and remanded the trial court's entry of judgment in the Stratman Litigation with directions to enter judgment dismissing the claims of Stratman and the other consolidated plaintiffs against Leisnoi.

12. On July 20, 1992, following the Alaska Supreme Court's issuance of its opinion in Leisnoi's favor, the Merdes Firm recorded a Notice of Attorney's Lien in the Kodiak Recording District, placing a lien on approximately 19,000 acres of property at issue in the Stratman Litigation.

13. In August 1994, the Alaska Bar Association's Fee Review Committee ("Arbitration Panel") rendered a decision on Leisnoi's challenge to the validity of the contingency fee arrangement for the Stratman Litigation, declining to award the Merdes Firm a thirty percent interest in the property and instead awarding the Merdes Firm $721,000 plus interest, payable in $100,000 yearly installments and ordering Leisnoi to pay the Merdes Firm $55,000 in court-awarded attorney's fees.

14. On January 25, 1995, upon the Merdes Firm's motion, the trial court in the Leisnoi Suit confirmed the Arbitration Panel's award of fees and entered judgment against Leisnoi accordingly.

15. From 1995 until April 1, 2002, Leisnoi made payments to the Merdes Firm in accordance with the terms of the January 25, 1995 judgment.

16. On September 1, 2002, Leisnoi defaulted on its payment obligations to the Merdes Firm under the January 25, 1995 judgment, and Leisnoi and the Merdes Firm attempted to negotiate a settlement regarding the amount of the unpaid judgment.

17. On May 14, 2007, the Merdes Firm recorded the January 25 1995 judgment against Leisnoi in the Kodiak Recording District, placing a lien on Leisnoi's property in the amount of $721,000.

*ALPS Property & Casualty Insurance Co. v. Merdes & Merdes, P.C.*,  Complaint
Case No. _____  Page 4 of 18

Case 4:14-cv-00002-SLG   Document 1   Filed 08/01/13   Page 4 of 18

18. On January 27, 2009, following the Ninth Circuit Court of Appeals October 6, 2008 ruling in favor of Leisnoi in the Stratman Litigation, the Merdes Firm moved the trial court in the Leisnoi Suit for a writ of execution, claiming that, with accrued interest, Leisnoi owed $866,730.11 as of January 31, 2009.

19. On March 9, 2009, Leisnoi filed a motion to expunge the Notice of Attorney's Lien recorded by the Merdes Firm on July 20, 1992 and the Judgment Lien recorded by the Merdes Firm on May 14, 2007.

20. On May 19, 2009, Leisnoi filed a motion to vacate or amend the January 25, 1995 judgment.

21. On January 13, 2010, the trial court in the Leisnoi Suit entered an order (1) granting the Merdes Firm's motion for a writ of execution, (2) denying Leisnoi's motion to vacate or amend the January 25, 1995 judgment, and (3) granting Leisnoi's motion to expunge the Notice of Attorney's Lien recorded by the Merdes Firm on July 20, 1992 and the Judgment Lien recorded by the Merdes Firm on May 14, 2007.

22. On January 25, 2010, the trial court entered an order denying Leisnoi's motion for reconsideration and clarification.

23. On February 23, 2010, Leisnoi filed its notice of appeal from the trial court's January 25, 2010 final order.

24. On July 28, 2010, Leisnoi paid the Merdes Firm $643,760, the remaining balance owed the Merdes Firm under the January 25, 1995 judgment.

25. On March 23, 2011, Leisnoi filed its reply brief in the appeal pending before the Alaska Supreme Court, asserting its entitlement "to claim restitution of the monies paid Merdes following issuance of the execution."

26. On January 17, 2013, Merdes incorporated the Merdes Law Office.

27. On February 1, 2013, the Alaska Supreme Court issued its opinion reversing the trial court's order granting the Merdes Firm's motion for a writ of execution and holding the contingent fee arrangement, the Arbitration Panel's August 1994 award, the January 25, 1995 judgment, and the writ of execution violated the Alaska Native Claims Settlement Act, 43 U.S.C. § 1621(a).

28. In its February 1, 2013 opinion, the Alaska Supreme Court also held Leisnoi is entitled to recover from the Merdes Firm the $643,760 payment made in July 2010, with interest, and the Merdes Firm is entitled to seek, in quantum meruit, recovery from Leisnoi any fees that remain unpaid.

29. In a letter dated February 13, 2013, Leisnoi reiterated its prior demands that the Merdes Firm return the $643,760 paid to it by Leisnoi on July 28, 2010, plus accrued interest, for a total of $815,616.86.

30. On May 20, 2013, Leisnoi filed a Complaint against the Merdes Firm, the Merdes Law Office, and Merdes in the Alaska Superior Court, Case No. 3AN-13-7180 CI ("Underlying Suit"), asserting four causes of action for breach of contract, fraudulent conveyance, conspiracy to fraudulently convey assets, and punitive damages. A true and correct copy of the Summons and Complaint is attached as Exhibit A.

*ALPS Property & Casualty Insurance Co. v. Merdes & Merdes, P.C.*, Complaint
Case No. _____ Page 6 of 18

Case 4:14-cv-00002-SLG   Document 1   Filed 08/01/13   Page 6 of 18

31. In the Underlying Suit, Leisnoi alleges "Defendants engaged in self-dealing and fraud by transferring all of the value and goodwill of the Merdes Firm to" the Merdes Law Office and Merdes "without receiving reasonably equivalent value, in order to avoid returning the money to Leisnoi." (Exhibit A, ¶ 13)

32. In the Underlying Suit, Leisnoi seeks an order voiding the transfers of property made by the Merdes Firm, compensatory damages, punitive damages, a writ of attachment or provisional remedies against the assets transferred, an injunction against further disposition of assets, attorney's fees, and costs. (Exhibit A, Prayer for Relief).

## II. The Policies

33. ALPS issued Lawyers Professional Liability Insurance Policy No. ALPS3392-15 to the Merdes Firm for the period July 18, 2012 to July 18, 2013 ("Merdes Firm Policy"), with a loss inclusion date of July 18, 1989 and a retroactive date of January 1, 1990. A true and correct copy of the Merdes Firm Policy is attached as Exhibit B.

34. ALPS issued Lawyers Professional Liability Insurance Policy No. ALPS16796 to the Merdes Law Office for the period April 1, 2013 to April 1, 2014 ("Merdes Law Office Policy"), with a loss inclusion date and retroactive date of April 1, 2013. A true and correct copy of the Merdes Law Office Policy is attached as Exhibit C.

35. Under both the Merdes Firm Policy and the Merdes Law Office Policy, Merdes is the sole attorney insured. (Exhibit B, Declarations Item 2; Exhibit C, Declarations Item 2)

36. Both the Merdes Firm Policy and the Merdes Law Office Policy provide legal professional liability insurance on a claims made and reported basis. (Exhibit B, Insuring Agreements § 1.1; Exhibit C, Insuring Agreements § 1.1)

37. The Merdes Firm Policy's insuring agreement states, in relevant part:

Subject to the limit of liability, exclusions, conditions and other terms of this policy, the Company agrees to pay on behalf of the Insured all sums (in excess of the deductible amount) that the Insured becomes legally obligated to pay as damages, arising from or in connection with A CLAIM FIRST MADE AGAINST THE INSURED AND FIRST REPORTED TO THE COMPANY DURING THE POLICY PERIOD, provided that the claim arises from an act, error, omission or personal injury that happened on or after the loss inclusion date and the retroactive coverage date set forth in Items 2 and 3 of the Declarations, and that the claim arises from or is in connection with:

1.1.1 an act, error or omission in professional services that were or should have been rendered by the Insured, or

1.1.2 a personal injury arising out of the professional services of the Insured,

and further provided that at the effective date of this policy, no Insured knew or reasonably should have known or foreseen that the act, error, omission or personal injury might be the basis of a claim.

(Exhibit B, Insuring Agreements § 1.1-1.1.2)

38. The Merdes Law Office Policy's insuring agreement states, in relevant part:

Subject to the limit of liability, exclusions, conditions and other terms of this policy, the Company agrees to pay on behalf of the Insured all sums (in excess of the deductible amount) that the Insured becomes legally obligated to pay as damages, arising from or in connection with A CLAIM FIRST MADE AGAINST THE INSURED AND FIRST REPORTED TO THE COMPANY DURING THE POLICY PERIOD, provided that:

1.1.1 the claim arises from an act, error, omission or personal injury that happened on or after the loss inclusion date and the retroactive coverage date set forth in Items 2 and 3 of the Declarations, and that the claim arises from or in connection with:

    1.1.1.1 an act, error or omission in professional services that were or should have been rendered by the Insured, or

    1.1.1.2 a personal injury arising out of the professional services of the Insured;

*ALPS Property & Casualty Insurance Co. v. Merdes & Merdes, P.C.*,     Complaint
Case No. _____     Page 8 of 18

Case 4:14-cv-00002-SLG   Document 1   Filed 08/01/13   Page 8 of 18

1.1.2 at the effective date of this policy, no Insured knew or reasonably should have known or foreseen that the act, error, omission or personal injury might be the basis of a claim[.]

(Exhibit C, Insuring Agreements § 1.1-1.1.2)

39. "Professional services" is defined in both the Merdes Firm Policy and the Merdes Law Office Policy as "services or activities performed for others as an attorney in an attorney-client relationship on behalf of one or more clients." (Exhibit B, Definitions § 2.22.1; Exhibit C, Definitions § 2.23.1)

40. "Damages" is defined in both the Merdes Firm Policy and the Merdes Law Office Policy as "any monetary award by way of judgment or final arbitration, or any settlement"; the Merdes Firm Policy and the Merdes Law Office Policy specifically exclude from the definition of damages:

    2.6.1  punitive, multiple, or exemplary damages, fines, sanctions, penalties or citations; or

    2.6.2  awards deemed uninsurable by law; or

    2.6.3  injunctive, declaratory, or other equitable relief, or costs or fees incident thereto; or

    2.6.4  restitution, reduction, disgorgement or set-off of any fees, costs, consideration or expenses paid to or charged by an Insured, or any other funds or property presently or formerly held by an Insured.

(Exhibit B, Definitions § 2.6; Exhibit C, Definitions § 2.6)

41. The Merdes Firm Policy and the Merdes Law Office Policy do not apply to any claim arising from or in connection with "[a]ny dispute over fees or costs, or any claim that seeks, whether directly or indirectly, the return, reimbursement or disgorgement of fees, costs, or

other funds or property held by an Insured." (Exhibit B, Exclusions § 3.1.15; Exhibit C, Exclusions § 3.1.15)

42. The Merdes Firm Policy and the Merdes Law Office Policy do not apply to any claim "arising from or in connection with . . . [a]ny act, error, omission or personal injury that occurred prior to the effective date of this policy, if . . . [p]rior to the effective date of the policy, any Insured gave or should have given, to any insurer, notice of a claim or potential claim arising from the act, error, omission, or personal injury, or from any act, error, omission, or personal injury in related professional services." (Exhibit B, Exclusions § 3.1.5.3; Exhibit C, Exclusions § 3.1.5.3)

43. The Merdes Law Office Policy includes a Special Endorsement, which excludes coverage "for any claim or potential claim arising from or in connection with any act, error, or omission in professional services rendered or that should have been rendered by the Insured in regard to the Insured's relationship with or work performed for or on behalf of [the Merdes Firm]." (Exhibit C, Special Endorsement)

44. On February 13, 2013, Merdes notified ALPS of Leisnoi's February 13, 2013 demand letter and the Alaska Supreme Court's February 1, 2013 opinion and requested "defense and indemnity of all related claims" under the Merdes Firm Policy.

45. On February 21, 2013, ALPS denied coverage for Leisnoi's February 13, 2013 demand letter under the Merdes Firm Policy.

46. On June 18, 2013, Merdes notified ALPS that Leisnoi had filed the Underlying Suit.

*ALPS Property & Casualty Insurance Co. v. Merdes & Merdes, P.C.*, Complaint
Case No. _____ Page 10 of 18

Case 4:14-cv-00002-SLG   Document 1   Filed 08/01/13   Page 10 of 18

47. On July 11, 2013, ALPS denied coverage for the Underlying Suit for Merdes, the Merdes Firm, and the Merdes Law Office under the Merdes Firm Policy and the Merdes Law Office Policy.

## FIRST CAUSE OF ACTION

**(For a Declaration That the Merdes Firm Policy Does Not Afford Coverage to the Merdes Firm or Merdes for the Underlying Suit)**

48. ALPS incorporates and realleges paragraphs 1 through 47 as if fully set forth herein.

49. Coverage under the Merdes Firm Policy is limited to claims arising from an act, error, or omission that happened on or after the loss inclusion date of July 18, 1989 and the retroactive coverage date of January 1, 1990. (Exhibit B, Insuring Agreements § 1.1 and Declarations Items 2 and 3)

50. Coverage under the Merdes Firm Policy is limited to claims first made and reported to ALPS during the policy period of July 18, 2012 to July 18, 2013. (Exhibit B, Insuring Agreements § 1.1 and Declarations Item 3)

51. The Merdes Firm Policy only provides coverage for claims if "at the effective date of this policy, no Insured knew or reasonably should have known or foreseen that the act, error, omission or personal injury might be the basis of a claim." (Exhibit B, Insuring Agreements § 1.1)

52. The Merdes Firm Policy only provides coverage for claims arising from or in connection with professional "services or activities performed for others as an attorney in an attorney-client relationship on behalf of one or more clients." (Exhibit B, Definitions § 2.22)

53. The Merdes Firm Policy specifically excludes coverage for "any claim arising from or in connection with . . . [a]ny act, error, omission or personal injury that occurred prior to the effective date of this policy, if . . . [p]rior to the effective date of the policy, any Insured gave or should have given, to any insurer, notice of a claim or potential claim arising from the act, error, omission, or personal injury, or from any act, error, omission, or personal injury in related professional services." (Exhibit B, Exclusions § 3.1.5.3)

54. The Merdes Firm Policy specifically excludes from the definition of damages "punitive, multiple or exemplary damages," injunctive relief, and other equitable relief. (Ex. B, Definitions §§ 2.6.1 and 2.6.3)

55. The Merdes Firm Policy specifically excludes from the definition of damages "restitution, reduction, disgorgement or set-off of any fees, costs, consideration or expenses paid to or charged by an Insured, or any other funds or property presently or formerly held by an Insured." (Exhibit B, Definitions § 2.6.4)

56. The Merdes Firm Policy specifically excludes coverage for "[a]ny dispute over fees or costs, or any claim that seeks, whether directly or indirectly, the return, reimbursement or disgorgement of fees, costs, or other funds or property held by an Insured." (Exhibit B, Exclusions § 3.1.15)

57. The alleged factual bases of Leisnoi's claims against the Merdes Firm and Merdes in the Underlying Suit include acts, errors, or omissions that happened before the loss inclusion date of July 18, 1989 and the retroactive coverage date of January 1, 1990.

58. Leisnoi's demand for restitution was first made no later than March 23, 2011, before the effective date of the Merdes Firm Policy.

59. The alleged factual bases of Leisnoi's claims against the Merdes Firm and Merdes in the Underlying Suit do not arise from or involve the Merdes Firm or Merdes' provision of professional services to Leisnoi or any other client.

60. The Underlying Suit is outside the coverage afforded by the Merdes Firm Policy because prior to the July 18, 2012 effective date, Merdes knew or reasonably should have known that the acts, errors, or omissions alleged in the Underlying Suit might be the basis of a claim and should have given notice of a potential claim arising from such alleged acts, errors, or omissions.

61. The Underlying Suit involves a dispute over fees and expenses and seeks the return, reimbursement, and disgorgement of fees, costs, and funds held by the Merdes Firm and/or Merdes.

62. The amounts sought by Leisnoi in the Underlying Suit are comprised of: (1) fees and expenses paid to the Merdes Firm and/or Merdes and (2) punitive damages, all of which are outside the coverage afforded by the Merdes Firm Policy.

63. All nonpecuniary relief sought by Leisnoi in the Underlying Suit is outside the Merdes Firm Policy's definition of damages and relates solely to alleged amounts which are outside the Merdes Firm Policy's coverage.

64. An actual controversy exists between ALPS and Defendants regarding whether the Merdes Firm Policy affords coverage for the Underlying Suit.

65. Because the Underlying Suit is outside the coverage afforded by the Merdes Firm Policy, ALPS is entitled to a declaratory judgment in its favor, pursuant to 28 U.S.C. § 2201, declaring that the Merdes Firm Policy does not afford coverage for the Underlying Suit and

*ALPS Property & Casualty Insurance Co. v. Merdes & Merdes, P.C.*, Complaint
Case No. _____ Page 13 of 18

Case 4:14-cv-00002-SLG   Document 1   Filed 08/01/13   Page 13 of 18

ALPS has no duty to defend and/or indemnify the Merdes Firm or Merdes with respect to the Underlying Suit.

## SECOND CAUSE OF ACTION

**(For a Declaration That the Merdes Law Office Policy Does Not Afford Coverage to the Merdes Law Office or Merdes for the Underlying Suit)**

66.     ALPS incorporates and realleges paragraphs 1 through 47 as if fully set forth herein.

67.     Coverage under the Merdes Law Office Policy is limited to claims arising from an act, error, or omission that happened on or after the loss inclusion date and the retroactive coverage date of April 1, 2013.  (Exhibit C, Insuring Agreements § 1.1 and Declarations Items 2 and 3)

68.     Coverage under the Merdes Law Office Policy is limited to claims first made and reported to ALPS during the policy period of July 18, 2012 to July 18, 2013.  (Exhibit C, Insuring Agreements § 1.1 and Declarations Item 3)

69.     The Merdes Law Office Policy only provides coverage for claims if "at the effective date of this policy, no Insured knew or reasonably should have known or foreseen that the act, error, omission or personal injury might be the basis of a claim."  (Exhibit C, Insuring Agreements § 1.1)

70.     The Merdes Law Office Policy only provides coverage for claims arising from or in connection with professional "services or activities performed for others as an attorney in an attorney-client relationship on behalf of one or more clients."  (Exhibit C, Definitions § 2.23)

*ALPS Property & Casualty Insurance Co. v. Merdes & Merdes, P.C.*,    Complaint
Case No. _____                                                  Page 14 of 18

Case 4:14-cv-00002-SLG   Document 1   Filed 08/01/13   Page 14 of 18

71. The Merdes Law Office Policy specifically excludes coverage for "any claim arising from or in connection with . . . [a]ny act, error, omission or personal injury that occurred prior to the effective date of this policy, if . . . [p]rior to the effective date of the policy, any Insured gave or should have given, to any insurer, notice of a claim or potential claim arising from the act, error, omission, or personal injury, or from any act, error, omission, or personal injury in related professional services." (Exhibit C, Exclusions § 3.1.5.3)

72. The Merdes Law Office Policy specifically excludes from the definition of damages "punitive, multiple or exemplary damages," injunctive relief, and other equitable relief. (Ex. C, Definitions §§ 2.6.1 and 2.6.3)

73. The Merdes Law Office Policy specifically excludes from the definition of damages "restitution, reduction, disgorgement or set-off of any fees, costs, consideration or expenses paid to or charged by an Insured, or any other funds or property presently or formerly held by an Insured." (Exhibit C, Definitions § 2.6.4)

74. The Merdes Law Office Policy specifically excludes coverage for "[a]ny dispute over fees or costs, or any claim that seeks, whether directly or indirectly, the return, reimbursement or disgorgement of fees, costs, or other funds or property held by an Insured." (Exhibit C, Exclusions § 3.1.15)

75. The Merdes Law Office Policy specifically excludes coverage "for any claim or potential claim arising from or in connection with any act, error, or omission in professional services rendered or that should have been rendered by the Insured in regard to the Insured's relationship with or work performed for or on behalf of [the Merdes Firm]." (Exhibit C, Special Endorsement)

*ALPS Property & Casualty Insurance Co. v. Merdes & Merdes, P.C.*,  Complaint
Case No. _____  Page 15 of 18

Case 4:14-cv-00002-SLG   Document 1   Filed 08/01/13   Page 15 of 18

76.     The alleged factual bases of Leisnoi's claims against the Merdes Law Office and Merdes in the Underlying Suit include acts, errors, or omissions that happened before the loss inclusion date and the retroactive coverage date of April 1, 2013.

77.     Leisnoi's demand for restitution was first made no later than March 23, 2011, before the effective date of the Merdes Law Office Policy.

78.     The alleged factual bases of Leisnoi's claims against the Merdes Law Office and Merdes in the Underlying Suit do not arise from or involve the Merdes Law Office or Merdes' provision of professional services to Leisnoi or any other client.

79.     The Underlying Suit is outside the coverage afforded by the Merdes Law Office Policy because prior to the April 1, 2013 effective date, Merdes knew or reasonably should have known that the acts, errors, or omissions alleged in the Underlying Suit might be the basis of a claim and should have given notice of a potential claim arising from such alleged acts, errors, or omissions.

80.     The Underlying Suit involves a dispute over fees and expenses and seeks the return, reimbursement, and disgorgement of fees, costs, and funds held by the Merdes Law Office and/or Merdes.

81.     The amounts sought by Leisnoi in the Underlying Suit are comprised of: (1) fees and expenses paid to the Merdes Firm and/or Merdes and (2) punitive damages, all of which are outside the coverage afforded by the Merdes Law Office Policy.

82.     All nonpecuniary relief sought by Leisnoi in the Underlying Suit is outside the Merdes Law Office Policy's definition of damages and relates solely to alleged amounts which are outside the Merdes Law Office Policy's coverage.

*ALPS Property & Casualty Insurance Co. v. Merdes & Merdes, P.C.*,                    Complaint
Case No. _____                                                                                      Page 16 of 18

Case 4:14-cv-00002-SLG   Document 1   Filed 08/01/13   Page 16 of 18

83. The Underlying Suit is outside the coverage afforded by the Merdes Law Office Policy because the Underlying Suit arises from Merdes' alleged acts, errors, or omission performed for or on behalf of the Merdes Firm.

84. An actual controversy exists between ALPS and Defendants regarding whether the Merdes Law Office Policy affords coverage for the Underlying Suit.

85. Because the Underlying Suit is outside the coverage afforded by the Merdes Law Office Policy, ALPS is entitled to a declaratory judgment in its favor, pursuant to 28 U.S.C. § 2201, declaring that the Merdes Law Office Policy does not afford coverage for the Underlying Suit and ALPS has no duty to defend and/or indemnify the Merdes Law Office or Merdes with respect to the Underlying Suit.

WHEREFORE, ALPS prays that judgment be entered in its favor and against Defendants as follows:

1. Declaring that the Merdes Firm Policy does not afford coverage to the Merdes Firm or Merdes for the Underlying Suit and ALPS has no duty to defend or indemnify the Merdes Firm or Merdes under the Merdes Firm Policy;

2. Declaring that the Merdes Law Office Policy does not afford coverage to the Merdes Law Office or Merdes for the Underlying Suit and ALPS has no duty to defend or indemnify the Merdes Law Office or Merdes under the Merdes Law Office Policy; and

3. Awarding ALPS such additional relief as shall be deemed appropriate in the circumstances, together with its costs and expenses.

Dated at Anchorage, Alaska this 1st day of August, 2013.

        DELANEY WILES, INC.
        Attorney for Plaintiff ALPS Property & Casualty Insurance Company

By: s/ Clay A. Young
    1007 W. 3rd Ave., Ste. 400
    Anchorage, AK 99501
    907-279-3581 *telephone*
    907-277-1331 *facsimile*
    cay@delaneywiles.com
    AK Bar Assoc. No. 7410117

By: s/ Kendra E. Bowman
    1007 W. 3rd Ave., Ste. 400
    Anchorage, AK 99501
    907-279-3581 *telephone*
    907-277-1331 *facsimile*
    keb@delaneywiles.com
    AK Bar Assoc. No. 0511109

4829-8132-2261, v. 1

*ALPS Property & Casualty Insurance Co. v. Merdes & Merdes, P.C.*,     Complaint
Case No. _____     Page 18 of 18

Case 4:14-cv-00002-SLG   Document 1   Filed 08/01/13   Page 18 of 18